■ In the Matter of the Claim of Owen C. Reed, Respondent, v International Talc Co., Inc. Appellant, and State Insurance Fund et al., Respondents. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 2, 1975, which imposed upon the employer the sole responsibility to pay claimant's award. Claimant developed talcosis as a result of exposure to talc dust while working for the W. H. Loomis Talc Corporation. He last worked for the Loomis Corporation in 1947. That corporation merged into appellant International Talc Co., Inc., on March 24, 1959, pursuant to a certificate of merger whereby the absorbing corporation, International Talc, agreed "to assume all of the obligations of said W. H. Loomis Talc Corporation." Claimant filed for compensation in September, 1973 and received an award on June 20, 1974 which imposed upon both International Talc and its apparent workmen's compensation insurer, the State Insurance Fund, the obligation to pay the award. The State Insurance Fund appealed to the board, claiming that it should be absolved from liability since it never insured the W. H. Loomis Corporation (which was a self-insurer) and moreover it did not even insure International Talc at the time that corporation undertook the Loomis obligation in 1959. In light of this the board ruled

that International Talc was solely responsible to pay compensation awards owing to Loomis employees such as claimant. The board expressly based its decision on the assumption that at the time of the merger International Talc was a self-insured with respect to *all* its workmen's compensation obligations. Specifically, the board found that the State Insurance Fund's first insurance contract with International Talc did not take effect until 1961, two years after the merger. However, it appears from the State Insurance Fund's supplemental application to the board (dated July 30, 1974) that on the merger date International Talc was in fact insured by a workmen's compensation policy of the State Insurance Fund. The terms of that insurance contract are not in the record. On this appeal the claimant's right to compensation is not contested, nor can International Talc deny that one of the obligations it assumed in the all-inclusive language of the 1959 merger agreement quoted above was to pay the compensation benefits due Owen C. Reed, claimant herein. The only question is whether the State Insurance Fund had indemnified International Talc through contract. Determination of appeal withheld and matter remitted to the board for consideration of the terms of the insurance contract in effect at the time of the merger, or any other contract which International Talc contends shifts from it the obligation to pay claimant's award. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.